**<u>Exhibit Cover Sheet</u>**

**Party
submitting:** _____   **Ex. # 11**

**Admitted: Yes   or    No  (circle one)**

**Debtor: Lilly Real**

**Case No.: 16-3913-JAF**

*Adv. No.*:_____

Nature of Hearing/ Motion for Sanctions
Docket No: <u>12</u>

**United States Bankruptcy Court**
Middle District of Florida

Dated          _____  , 20___.

By:_____,   Deputy Clerk

**IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA**


**FRANK E. POLO**                    Case No. 2017-003553-CA-34
                Plaintiff,
    vs.

**LILLI J. REAL; GUSTAVO J.
LOSA; STEPHANIE GRANDA;
THE LAW OFFICE OF GRANDA
& ASSOCIATE; MERLIN
HERNANDEZ; RANDOLPH
MARTINEZ; MILDRED
HERNANDEZ ITURRALDE;
EMILIA ITURRALDE; REGINO
PEREZ;** and **RAUL GUERRERO.**

                Defendants.
    _____/


**MOTION FOR DECLARATORY JUDGMENT ON WHETHER THE DEBT AGAINST
DEFENDANT LILLY JOSEPHINE REAL WAS DISCHARGED IN BANKRUPTCY
PROCEEDING PREVENTING PLAINTIFF FROM EXERCISING HIS RIGHT TO
OBTAIN LEGAL REDRESS FOR HIS INJURIES UNDER FLORIDA'S LAWS AND
CONSTITUTIONAL RIGHTS**


Plaintiff Frank E. Polo ("Polo"), hereby respectfully moves this Court to grant this

**MOTION FOR DECLARATORY JUDGMENT ON WHETHER THE DEBT AGAINST

DEFENDANT LILLY JOSEPHINE REAL WAS DISCHARGED IN BANKRUPTCY

PROCEEDING PREVENTING PLAINTIFF FROM EXERCISING HIS RIGHT TO

OBTAIN LEGAL REDRESS FOR HIS INJURIES UNDER FLORIDA'S LAWS AND

CONSTITUTIONAL RIGHTS.** Statutory provisions which may supports this motion for

Declaratory Judgment are 11 U.S.C. §523, and U.S.C. §362. In support of the Motion, Plaintiff

Frank E. Polo respectfully represents as follows:

## JURISDICTION AND VENUE

1. This Court has obtained jurisdiction over all parties in this case under this Case No. 2017-003553-CA-34.

2. Venue is appropriate in the Eleventh Circuit Court in and for Miami Dade County because this Court has jurisdiction over the open case and it is in the interest of Judicial efficiency to issue a declaratory judgment in this case;

3. This court has Jurisdiction "to declare rights, status, and other equitable or legal relations whether or not further relief is or could be claimed. . . The court may render declaratory judgments on the existence, or nonexistence. . . Of any immunity, power, privilege, or right" *See* §86.011, Fla. Stat.

4. This court has concurrent jurisdiction with U.S. Bankruptcy Court flowing from the failure of Defendant Lilly J. Real to schedule the debt that arises under §523(a)(6) for willful and malicious injury by the debtor to another entity. *See* In re Massa, 217 B.R. 412, 420 (Bankr. W.D.N.Y. 1998) (holding that "[a] debtor who fails to list a creditor who holds a debt of a kind specified in Section 523(a)(3)(B) loses the jurisdictional protections of Section 523(c)); *See also* In re Massa, 217 B.R. 412, 419 (Bankr. W.D.N.Y. 1998) (stating that "not only can a determination of nondischargeability flowing from Section 523(a)(3)(B) be made by the bankruptcy court, it can also be made by an appropriate state court which has concurrent jurisdiction to make such a Section 523(a)(3)(B) determination."); Keenom v All Am. Mktg. (In re Keenom) (1999, BC MD Ga) 231 BR 116 (holding that "[s]tate court can decide whether debt is discharged under 11 USCS § 523(a)(3)(B) as statutory scheme provides that state court can decide whether creditor has colorable or viable claim that debt is of kind specified

in <u>11 USCS § 523(a)(2)</u>, (4), or (6) without intruding on exclusive jurisdiction of bankruptcy courts."

*5.* Ms. Real discharge in bankruptcy court was granted under 11 U.S.C. §727. *See* EXHIBIT B.

## <u>BACKGROUND</u>

2.      On February 13, 2017, after the Meeting of Creditors which was held on December 13, 2016, Plaintiff in this case filed a civil proceeding against Ms. Lilly Josephine Real ("Ms. Real"), and other defendants named in this case (no. 2017-003553-CA-01.) As of this date (February 13, 2017) Plaintiff had not been name a creditor in the Bankruptcy case initiated by Ms. Lilly Josephine Real (the "Bankruptcy Case"), and the dateline to object to discharge or to challenge whether certain debts are dischargeable was precisely February 13, 2017 (same date that Plaintiff filed his complaint for the first time). *See* EXHIBIT A.

3.      Two days after Plaintiff filed his initial complaint, on February 15, 2017, the U.S. Bankruptcy Court of the Middle District of Florida, under Case No. 3:16-bk-03913-JAF, discharged the debts of Ms. Real. As of February 15, 2017, the Plaintiff in this case was not named a creditor in the Bankruptcy Case. *See* EXHIBIT C.

4.      Despite knowing that the Plaintiff in this case was never named as a creditor in the Bankruptcy Case before the Meeting of Creditors, on April 03, 2017, Ms. Real filed a "Suggestion of Bankruptcy with this Court, attached herein as EXHIBIT C, which moved this Court to enter an order placing the case in inactive status. *See* EXHIBIT D. This status is preventing Plaintiff from continuing the case against Ms. Real, and all other Defendants. Moreover, a Motion for Leave to Amend the Complaint is pending, due to the status of this case.

5.      On April 03, 2017, Ms. Real's attorney mailed a Notice of Chapter 7 Bankruptcy, which has filling date of October 26, 2016. *See* EXHIBIT A. In that notice, the date for the Meeting

of Creditors was December 13, 2016 at 10:00 AM. The filling deadline for an objection to discharge was February 13, 2017 *(almost 2 months before Ms. Real served Mr. Polo with the Notice of Chapter 7 Bankruptcy.)*

6.      On April 3, 2017, Ms. Real filed an amended Schedule E/F naming Plaintiff in this case a creditor who holds unsecured claim against Ms. Real. *(almost four (4) month after the Meeting of Creditors and two months after the filling deadline for an objection to discharge had past.)*

7.      On May 26, 2015, the Plaintiff in this case filed a Motion to Vacate the Family procedure based on Fraud on the Court performed by Ms. Real. *See* EXHIBIT F. Then on August 2015, the Plaintiff in this case began Law School.

8.      Ms. Real is a Lawyer with a Florida Bar No. 77682. Graduated from one of the most prestigious university in the state of Florida and the country, The Florida State University College of Law. Ms. Real has more than 20 years of experience as a lawyer (graduated in 1995).

## THE LAW

9.      11 U.S. Code § 523(a)(6) states that "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt . . . for willful and malicious injury by the debtor to another entity or to the property of another entity[.]"

10.     11 U.S.C. § 727(b) provides that **"**Except as provided in section 523 of this title, a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter . . ." Nevertheless, it recognizes that a discharged falling under §523 does not permit for a discharge under §727(a).

11.     11 U.S.C. §523(a)(B) states in pertinent part that "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any

debt. . . if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

12.     "Inadequate notice is a defect which precludes discharge of a claim in bankruptcy. Due process requires notice that is 'reasonably calculated to reach all interested parties, reasonably conveys all the required information, and permits a reasonable time for a response.'" Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) (quoting Greyhound Lines, Inc. v. Rogers (In re Eagle Bus Mfg., Inc.), 62 F.3d 730, 735 (5th Cir. 1995))

> a     Additionally, "The fundamental requirement of due process is the opportunity to be heard 'at a meaningful time and in a meaningful manner.'" Mathews v. Eldridge, 424 U.S. 319, 333, 96 S. Ct. 893, 902 (1976) (quoting Armstrong v. Manzo, 380 U.S. 545, 552 (1965)).

13.     "A creditor's identity is 'reasonably ascertainable' if that creditor can be identified through 'reasonably diligent efforts.'" Chemetron Corp. v. Jones, 72 F.3d 341, 346 (3d Cir. 1995) (quoting Mennonite Bd. of Missions v. Adams, 462 U.S. 791, 103 S. Ct. 2706 (1983))

## <u>ANALYSIS</u>

### WILLFUL AND MALICIOUS INJURY BY THE DEBTOR TO ANOTHER ENTITY

14.     The Plaintiff in this case brought a cause of action against Ms. Real for *Interference with Lawful Custody of Two Minor Children*. The Plaintiff in this case alleges that (1) Ms. Real was a party outside the relationship of the Father and his children, (2) intentionally, remove the children from the Father, without a court order, in a day that the Father had lawful custody of the children. Moreover, Ms. Real wrote to the daycare indicating that she knew it was the day of the father to exercise lawful custody and that there was not a court order to remove the children from

the Plaintiff. (3) children were removed from the Plaintiff without the Plaintiff's consent; and (4) that Ms. Real's intentional interference caused harm to the Plaintiff. Consequently, the claims of the Plaintiff support a finding of intentional tort which is willful and malicious against the Plaintiff.

15.    The plaintiff brought a cause of action against Ms. Real for *Malicious Prosecution* and he alleges that: (1) Ms. Real conspired with other defendants to interfere with the Plaintiff lawful right to custody through unlawful means, and to maliciously prosecute the Plaintiff in this case Ms. Real joined the conspiracy, became part of the conspiracy and began acting in furtherance of the conspiracy; (2) that Ms. Lilly J. Real committed overt acts in furtherance of the agreement the defendants had. Ms. Lilly J. Real to interfered with legal custody of two children when she knew doing this was not supported by the Law, the facts and not even by an objective test of reasonableness; (3) that Ms. Real committed *Fraud* on the court (willful and malign injury) against the plaintiff by introducing a misleading final report in which she said that the Plaintiff was building a case against Ms. Hernandez and for this she alleged that the father was sending of pictures without face of the children, which she could not say if those were the children and without actual dates of when the incident the shown on the pictures; (4) That Ms. Real, further testified, under oath, to these facts contained in her report, and thereby she influenced the court decision by illegal means; and (5) that the actions of the guardian in furtherance of the conspiracy (willful and malign injury) caused harm on the Plaintiff. Consequently, the allegations of the plaintiff are enough to stablish the elements of an intentional tort that cannot be accomplished by other means than through willful and malign acts against plaintiff.

16.    Plaintiff complaint states that Ms. Real's outrageous conduct caused severe emotional distress (willful and malign injury) to the Plaintiff and states as follows: (1) That the conduct of Ms. Real was intentional; (2) That Ms. Real's conduct was totally outrageous as to go against all bounds of decency as to be regarded as odious and utterly intolerable in a civilized

community; and (3) that the emotional distress was severe as to cause injury to the Plaintiff. Accordingly, the allegations of the plaintiff are sufficient for this court to make a finding of another willful and malign injury against Plaintiff.

17.     Since all aforementioned causes of action that Plaintiff brought against Ms. Real fall under 11 U.S. Code § 523(a)(6), 11 U.S. Code § 523(a)(3)(B) applies in this case when the Plaintiff was not listed as a creditor with enough time to

## 11 U.S.C §523(a)(B)

18.     11 U.S.C. §523(a)(B) states in pertinent part that "A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt. . . neither listed nor scheduled under section 521(a)(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit. . . if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request."

19.     The plaintiff in this case was never listed as a creditor. On February 13, 2017, after the Meeting of Creditors which was held on December 13, 2016, Plaintiff in this case filed a civil proceeding against Ms. Lilly Josephine Real ("Ms. Real"), and other defendants named in this case (no. 2017-003553-CA-01.) As of this date (February 13, 2017) Plaintiff had not been name a creditor in the Bankruptcy case initiated by Ms. Lilly Josephine Real, and the dateline to object to discharge or to challenge whether certain debts are dischargeable was precisely February 13, 2017 (same date that Plaintiff filed his complaint for the first time). *See* EXHIBIT A.

20.     Two days after Plaintiff filed his initial complaint, on February 15, 2017, the U.S. Bankruptcy Court of the Middle District of Florida, under Case No. 3:16-bk-03913-JAF,

discharged the debts of Ms. Real. As of February 15, 2017, the Plaintiff in this case was *not named a creditor in the Bankruptcy Case*. *See* EXHIBIT C.

21.     Despite knowing that the Plaintiff in this case was never named as a creditor in the Bankruptcy Case before the Meeting of Creditors, on April 03, 2017, Ms. Real filed a "Suggestion of Bankruptcy with this Court, attached herein as EXHIBIT C, which moved this Court to enter an order placing the case in inactive status. *See* EXHIBIT D. This status is preventing Plaintiff from continuing the case against Ms. Real, and all other Defendants.

22.     On April 03, 2017, Ms. Real's attorney mailed a Notice of Chapter 7 Bankruptcy, which has filling date of October 26, 2016. *See* EXHIBIT A. In that notice, the date for the Meeting of Creditors was December 13, 2016 at 10:00 AM. The filling deadline for an objection to discharge was February 13, 2017 *(almost 2 months before Ms. Real served Mr. Polo with the Notice of Chapter 7 Bankruptcy.)*

23.     On April 3, 2017, Ms. Real filed a Schedule E/F naming Plaintiff in this case a creditor who holds unsecured claim against Ms. Real. Notice this was done almost four (4) month after the Meeting of Creditors and two months after the filling deadline for an objection to discharge had past.

24.     Consequently, due to the failure of Ms. Real to list the Plaintiff before the Meeting of Creditors, Before the deadline to file an objection to discharge (February 13, 2017), and before the court had discharge her debts, the plaintiff in this case believes that the debt was never discharged and that he may have a right to continue with current litigation against Ms. Real and all other defendants. *See* (holding that "claims arising from fraud were not discharged under 11 USCS § 523(a)(3)(B) because creditors were not named.")

**OPPORTUNITY TO BE HEARD IN ACCORDANCE WITH DUE PROCESS OF LAW**

**UNDER U.S. CONST. AMEND. XIV. §1., AND FLA. CONST. ART. I, §9.**

25.     The meeting of creditors gives the creditor an opportunity to be heard. Without proper notice, the creditor does not have an opportunity to be heard and this was never given to the Plaintiff in this case. Ms. Real, intentionally name the plaintiff in this case as creditor in the bankruptcy case, on, after the meeting of creditor had passed, on December 13, 2016, and after she received a discharge of all debts February 13, 2017. Consequently, the Plaintiff in this case never had an opportunity to be heard, and since he did not have an opportunity to be heard the debt must not be discharged due to the flagrant violation to the U.S. and Florida Constitution due process of law. Moreover, since the moment that Ms. Real decided to commit and intentional tort against the Plaintiff in this case. Ms. Real knew, as a competent lawyer with Florida license to practice and more than 20 years of experience as a lawyer, knew that once she had decided to act against the plaintiff, she was creating a reasonable ascertainable creditor.

**PLAINTIFF WAS A REASONABLE ASCERTAINABLE CREDITOR**

26.     On May 26, 2015, the Plaintiff in this case filed a Motion to Vacate the Family procedure based on Fraud on the Court performed by Ms. Real. Ms. Real was made aware that the Plaintiff in this case had evidence to demonstrate that she had committed fraud on the court. *See* EXHIBIT F. Moreover, Ms. Real, as a knowledgeable lawyer, with 20 years of experience, a license to practice law and formal legal education, knew or should have known that it was reasonable that the Plaintiff at any time, could have started legal actions against her, beyond the request for an annulment of the final judgment, not only when he filed a motion to vacate accusing Ms. Real of committing fraud on the court, but also when she consciously, willingly and with premeditation interfered with the custody of two minor children when this interference was not support by them existing law and neither by a reasonable standard. Thereafter, on August 2015,

the Plaintiff in this case began Law School, and all other co-conspirators in this case knew this. Therefore, she knew the chances of getting a cause of action against her were increased once the Plaintiff had started law school. Therefore, she had another good reason to believe that the Plaintiff in this case was a reasonable ascertainable creditor.

27.     After the plaintiff in this case filed a motion to vacate accusing Ms. Real of committing fraud on the court to interfere with the custody of the Plaintiff, there was no much reasonably diligent efforts that Ms. Real had to apply to known that the Plaintiff in this case was a reasonable ascertainable creditor since the same instant in which she decided to collude with the other defendants to bring about harm to the Plaintiff in this case, and take steps in furtherance of the conspiracy they had. *See* Patti v. Colanduoni (In re Patti), 449 B.R. 224, 226 (Bankr. M.D. Pa. 2011) (holding that "[a]s reasonably ascertainable creditors, they could also be categorized as 'known creditors' entitled to notice of the bankruptcy." Patti v. Colanduoni (In re Patti), 449 B.R. 224, 226 (Bankr. M.D. Pa. 2011).

28.     As much as it is reasonable ascertainable that battering, killing, or acting illegally against property or person creates a reasonable ascertainable creditor, it was reasonable for Ms. Real to know that she had created a reasonable ascertainable creditor. Consequently, Ms. Real was aware since the moment that she intentionally acted against the Mr. Polo, that Mr. Polo was a reasonable ascertainable creditor and she failed to name the Plaintiff in this case a creditor and this does not discharge the debt under 11 U.S.C. §727 in accordance to 11 U.S.C. §523(a)(B).

### RELIEF REQUESTED

29.     The Plaintiff honestly believe that Ms. Real's debt, in respect to the Plaintiff, was never discharged. Therefore, the Plaintiff respectfully requests that this Court issue a declaratory judgment reinstating the Plaintiff's right to continue with the legal proceeding against Ms. Real and all defendants in this case.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was sent via e-filing to the following individuals hereunder, on this 31 days of August 2017.

To: Lourdes Maria Fernandez FL127418     By: _____/s/_____
Defendant's Co-Counsel     Frank Polo Sr.
Via: E-Filing     1475 SW 8th St Apt 411
     Miami, FL. 33135
To: Gregory Fidel Betancourt FL143669     Telephone: 305-901-3360
Defendant's Co-Counsel     Email: Frank.Polo@msn.com
Via: E-Filing

| Information to identify the case: | | |
|---|---|---|
| Debtor 1 | **Lilly Josephine Real** <br> First Name  Middle Name  Last Name | Social Security number or ITIN  **xxx–xx–5345** <br> EIN  _ _–_ _ _ _ _ _ _ |
| Debtor 2 <br> (Spouse, if filing) | First Name  Middle Name  Last Name | Social Security number or ITIN  _ _ _ _ <br> EIN  _ _–_ _ _ _ _ _ _ |
| United States Bankruptcy Court  **Middle District of Florida** | | Date case filed for chapter  **7  10/24/16** |
| Case number:  **3:16–bk–03913–JAF** | | |

## Official Form 309A (For Individuals or Joint Debtors)
## Notice of Chapter 7 Bankruptcy Case –– No Proof of Claim Deadline          12/15

For the debtors listed above, a case has been filed under chapter 7 of the Bankruptcy Code. An order for relief has been entered.

This notice has important information about the case for creditors, debtors, and trustees, including information about the meeting of creditors and deadlines. Read both pages carefully.

The filing of the case imposed an automatic stay against most collection activities. This means that creditors generally may not take action to collect debts from the debtors or the debtors' property. For example, while the stay is in effect, creditors cannot sue, garnish wages, assert a deficiency, repossess property, or otherwise try to collect from the debtors. Creditors cannot demand repayment from debtors by mail, phone, or otherwise. Creditors who violate the stay can be required to pay actual and punitive damages and attorney's fees. Under certain circumstances, the stay may be limited to 30 days or not exist at all, although debtors can ask the court to extend or impose a stay.

The debtors are seeking a discharge. Creditors who assert that the debtors are not entitled to a discharge of any debts or who want to have a particular debt excepted from discharge may be required to file a complaint in the bankruptcy clerk's office within the deadlines specified in this notice. (See line 9 for more information.)

To protect your rights, consult an attorney. All documents filed in the case may be inspected at the bankruptcy clerk's office at the address listed below or through PACER (Public Access to Court Electronic Records at  www.pacer.gov).

**The staff of the bankruptcy clerk's office cannot give legal advice.**

To help creditors correctly identify debtors, debtors submit full Social Security or Individual Taxpayer Identification Numbers, which may appear on a version of this notice. However, the full numbers must not appear on any document filed with the court.

Do not file this notice with any proof of claim or other filing in the case. Do not include more than the last four digits of a Social Security or Individual Taxpayer Identification Number in any document, including attachments, that you file with the court.

| | | About Debtor 1: | | About Debtor 2: |
|---|---|---|---|---|
| 1. | **Debtor's full name** | Lilly Josephine Real | | |
| 2. | **All other names used in the last 8 years** | fka Lilliana Maria Real | | |
| 3. | **Address** | 10023 Belle Rive Blvd. Apt 1303 <br> Jacksonville, FL 32256 | | |
| 4. | **Debtor's attorney** <br> Name and address | Edward P Jackson <br> 255 N. Liberty Street, First Floor <br> Jacksonville, FL 32202 | | Contact phone 904–358–1952 <br> Email: edward@edwardpjackson.com |
| 5. | **Bankruptcy Trustee** <br> Name and address | Alexander G. Smith <br> 2601 University Blvd., West <br> Jacksonville, FL 32217 | | Contact phone 904–733–3822 |

Notice is further given that effective on the date of the Petition, the United States Trustee appointed the above named individual as interim trustee pursuant to 11 USC § 701.

**For more information, see page 2 >**

| **6.** | **Bankruptcy Clerk's Office** | 300 North Hogan Street Suite 3–150<br>Jacksonville, FL 32202 | Hours open:<br>Monday – Friday 8:30 AM – 4:00PM |
| --- | --- | --- | --- |
| | Documents in this case may be filed at this address. You may inspect all records filed in this case at this office or online at www.pacer.gov. | | Contact phone 904–301–6490<br><br>Date: October 25, 2016 |

| **7.** | **Meeting of creditors** | December 13, 2016 at 10:00 AM | Location: |
| --- | --- | --- | --- |
| | Debtors must attend the meeting to be questioned under oath. In a joint case, both spouses must attend. Creditors may attend, but are not required to do so. You are reminded that Local Rule 5073–1 restricts the entry of personal electronic devices into the Courthouse. | The meeting may be continued or adjourned to a later date. If so, the date will be on the court docket.<br><br>**\*\*\* Debtor(s) must present Photo ID and acceptable proof of Social Security Number at § 341 meeting. \*\*\*** | **FIRST FLOOR, 300 North Hogan St. Suite 1–200, Jacksonville, FL 32202** |

| **8.** | **Presumption of abuse** | The presumption of abuse does not arise. |
| --- | --- | --- |
| | If the presumption of abuse arises, you may have the right to file a motion to dismiss the case under 11 U.S.C. § 707(b). Debtors may rebut the presumption by showing special circumstances. | |

| **9.** | **Deadlines** | **File by the deadline to object to discharge or to challenge whether certain debts are dischargeable:** | **Filing deadline:** February 13, 2017 |
| --- | --- | --- | --- |
| | The bankruptcy clerk's office must receive these documents and any required filing fee by the following deadlines. | **You must file a complaint:**<br>• if you assert that the debtor is not entitled to receive a discharge of any debts under any of the subdivisions of 11 U.S.C. § 727(a)(2) through (7), or<br>• if you want to have a debt excepted from discharge under 11 U.S.C § 523(a)(2), (4), or (6).<br><br>**You must file a motion:**<br>• if you assert that the discharge should be denied under § 727(a)(8) or (9). | |
| | | **Deadline to object to exemptions:**<br>The law permits debtors to keep certain property as exempt. If you believe that the law does not authorize an exemption claimed, you may file an objection. | **Filing deadline:** 30 days after the *conclusion* of the meeting of creditors |

| **10.** | **Proof of claim** | No property appears to be available to pay creditors. Therefore, please do not file a proof of claim now. If it later appears that assets are available to pay creditors, the clerk will send you another notice telling you that you may file a proof of claim and stating the deadline. |
| --- | --- | --- |
| | Please do not file a proof of claim unless you receive a notice to do so. | |

| **11.** | **Creditors with a foreign address** | If you are a creditor receiving a notice mailed to a foreign address, you may file a motion asking the court to extend the deadlines in this notice. Consult an attorney familiar with United States bankruptcy law if you have any questions about your rights in this case. |
| --- | --- | --- |

| **12.** | **Exempt property** | The law allows debtors to keep certain property as exempt. Fully exempt property will not be sold and distributed to creditors. Debtors must file a list of property claimed as exempt. You may inspect that list at the bankruptcy clerk's office or online at www.pacer.gov. If you believe that the law does not authorize an exemption that the debtors claim, you may file an objection. The bankruptcy clerk's office must receive the objection by the deadline to object to exemptions in line 9. |
| --- | --- | --- |

| **13.** | **Voice Case Info. System (McVCIS)** | McVCIS provides basic case information concerning deadlines such as case opening and closing date, discharge date and whether a case has assets or not. McVCIS is accessible 24 hours a day except when routine maintenance is performed. To access McVCIS toll free call 1–866–222–8029. |
| --- | --- | --- |

Form B18 (Official Form 18)(12/07)

# United States Bankruptcy Court

Middle District of Florida

**Case No.  3:16–bk–03913–JAF**

**Chapter 7**

In re: Debtor(s) (name(s) used by the debtor(s) in the last 8 years, including married, maiden, trade, and address):
 Lilly Josephine Real
 fka Lilliana Maria Real
 10023 Belle Rive Blvd. Apt 1303
 Jacksonville, FL 32256

Social Security No.:
 xxx–xx–5345

Employer's Tax I.D. No.:

## DISCHARGE OF DEBTOR

It appearing that the debtor is entitled to a discharge,

**IT IS ORDERED:**

The debtor is granted a discharge under section 727 of title 11, United States Code, (the Bankruptcy Code).

Dated: February 15, 2017

Jerry A. Funk
United States Bankruptcy Judge

**SEE THE BACK OF THIS ORDER FOR IMPORTANT INFORMATION.**

FORM B18 continued (12/07)

# EXPLANATION OF BANKRUPTCY DISCHARGE
## IN A CHAPTER 7 CASE

This court order grants a discharge to the person named as the debtor. It is not a dismissal of the case and it does not determine how much money, if any, the trustee will pay to creditors.

## Collection of Discharged Debts Prohibited

The discharge prohibits any attempt to collect from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attach wages or other property, or to take any other action to collect a discharged debt from the debtor. *[In a case involving community property:* There are also special rules that protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.] A creditor who violates this order can be required to pay damages and attorney's fees to the debtor.

However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case. Also, a debtor may voluntarily pay any debt that has been discharged.

## Debts That are Discharged

The chapter 7 discharge order eliminates a debtor's legal obligation to pay a debt that is discharged. Most, but not all, types of debts are discharged if the debt existed on the date the bankruptcy case was filed. (If this case was begun under a different chapter of the Bankruptcy Code and converted to chapter 7 , the discharge applies to debts owed when the bankruptcy case was converted.)

## Debts that are Not Discharged.

Some of the common types of debts which are <u>not</u> discharged in a chapter 7 bankruptcy case are:

a. Debts for most taxes;

b. Debts incurred to pay nondischargeable taxes;

c. Debts that are domestic support obligations;

d. Debts for most student loans;

e. Debts for most fines, penalties, forfeitures, or criminal restitution obligations;

f. Debts for personal injuries or death caused by the debtor's operation of a motor vehicle, vessel, or aircraft while intoxicated;

g. Some debts which were not properly listed by the debtor;

h. Debts that the bankruptcy court specifically has decided or will decide in this bankruptcy case are not discharged;

i. Debts for which the debtor has given up the discharge protections by signing a reaffirmation agreement in compliance with the Bankruptcy Code requirements for reaffirmation of debts; and

j. Debts owed to certain pension, profit sharing, stock bonus, other retirement plans, or to the Thrift Savings Plan for federal employees for certain types of loans from these plans.

**This information is only a general summary of the bankruptcy discharge. There are exceptions to these general rules. Because the law is complicated, you may want to consult an attorney to determine the exact effect of the discharge in this case.**

Filing # 54574688 E-Filed 04/03/2017 04:51:15 PM

CFN: 20170188565 BOOK 30482 PAGE 4958
DATE:04/05/2017  08:22:55 AM
HARVEY RUVIN, CLERK OF COURT, MIA-DADE CTY

IN THE CIRCUIT COURT, IN AND FOR
**MIAMI DADE**  COUNTY,  FLORIDA

CASE NO.: 2017-003553-CA-01

**FRANK E. POLO**

Plaintiff,

vs.

LILLI J. REAL, et al

Defendants.

_____/

### SUGGESTION OF BANKRUPTCY

The Debtor, Lilly J. Real,  through her undersigned attorney, hereby advises  the Court and all interested parties that she has filed a voluntary petition under **Chapter 7** of the Bankruptcy Code dated **October 24, 2016**, under **Case No: 16-03913**  in the United States Bankruptcy Court for the Middle District of Florida, Jacksonville Division.  Pursuant to § 362 of the Bankruptcy Code, this action is stayed. **This is not intended to be an appearance by the undersigned counsel in this case.** The undersigned counsel represents the Debtor, Lilly Real in the above styled bankruptcy case.

Dated: April 3, 2017

*/s/ Edward P. Jackson* _____
EDWARD P. JACKSON
Attorney Debtor
255 N. Liberty Street, First Floor
Jacksonville, Florida 32202
(904) 358-1952 PH
(904) 358-1288 FX
Florida Bar No. 286648
Primary E-Mail: pleadings@edwardpjackson.com

Copy to:
Frank E. Polo
1475 SW 8th Street
Apt. 411
Miami, FL 33135

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT IN
AND FOR MIAMI-DADE COUNTY,
FLORIDA

_Frank E. Polo_
Plaintiff,

CIRCUIT CIVIL DIVISION

vs.

_Lilli S. Real, et al_
Defendant

UNIFORM CASE NO.: _17-3553- CA -01_

## ORDER PLACING CASE ON INACTIVE STATUS

This case came before the Court, and the Court has been advised that the Plaintiff/ Defendant
have/has moved to place the case on INACTIVE status due to:

☐ Bankruptcy stay, Case No. _16-3913_ _____ [BKST]

☐ Case pending resolution of another case, Case No._____ [CPRC]

☐ Written agreement of the parties [WAGT]

☐ Appeal pending [APLP]

☐ Motion to stay or abate due to Department of Justice/Attorney General settlement [DJAD]

☐ Other (a reason must be provided in writing by the presiding judge or designee) [OTHR]

_____

The Clerk of Court is therefore directed to remove this case from the ACTIVE status, and
designate it as an INACTIVE case category based on the reason checked above. The parties
must return the case to active status by motion, with notice to all parties, within 30 days of the
termination of grounds for inactive status, and seeking an order of court returning it to active
status.

APR 0 4 2017

DONE and ORDERED in Miami-Dade County, Florida, this _____day of _____ 20___.

Presiding Judge or Magistrate

JENNIFER D. BAILEY
ADMINISTRATIVE JUDGE

cc: Service List

IN THE CIRCUIT COURT, IN AND FOR
**MIAMI DADE** COUNTY, FLORIDA

CASE NO.: 2017-003553-CA-01

**FRANK E. POLO**

     Plaintiff,

vs.

LILLI J. REAL, et al

     Defendants.

_____/

## SUGGESTION OF BANKRUPTCY

     The Debtor, Lilly J. Real, through her undersigned attorney, hereby advises the Court and all

interested parties that she has filed a voluntary petition under **Chapter 7**of the Bankruptcy Code dated

**October 24, 2016**, under **Case No: 16-03913** in the United States Bankruptcy Court for the Middle District

of Florida, Jacksonville Division. Pursuant to § 362 of the Bankruptcy Code, this action is stayed. **This is**

**not intended to be an appearance by the undersigned counsel in this case.** The undersigned counsel

represents the Debtor, Lilly Real in the above styled bankruptcy case.

Dated: April 3, 2017                        */s/ Edward P. Jackson*
                                           EDWARD P. JACKSON
                                           Attorney Debtor
                                           255 N. Liberty Street, First Floor
                                           Jacksonville, Florida 32202
                                           (904) 358-1952 PH
                                           (904) 358-1288 FX
                                           Florida Bar No. 286648
                                           Primary E-Mail: pleadings@edwardpjackson.com

Copy to:
Frank E. Polo
1475 SW 8th Street
Apt. 411
Miami, FL 33135

**Fill in this information to identify your case:**

| | |
|---|---|
| Debtor 1 | **Lilly Josephine Real** |
| | First Name     Middle Name     Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name     Middle Name     Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA |
| Case number (if known) | **3:16-bk-03913** |

■ Check if this is an amended filing

## Official Form 106E/F
## Schedule E/F: Creditors Who Have Unsecured Claims     12/15

Be as complete and accurate as possible. Use Part 1 for creditors with PRIORITY claims and Part 2 for creditors with NONPRIORITY claims. List the other party to any executory contracts or unexpired leases that could result in a claim. Also list executory contracts on Schedule A/B: Property (Official Form 106A/B) and on Schedule G: Executory Contracts and Unexpired Leases (Official Form 106G). Do not include any creditors with partially secured claims that are listed in Schedule D: Creditors Who Have Claims Secured by Property. If more space is needed, copy the Part you need, fill it out, number the entries in the boxes on the left. Attach the Continuation Page to this page. If you have no information to report in a Part, do not file that Part. On the top of any additional pages, write your name and case number (if known).

### Part 1:   List All of Your PRIORITY Unsecured Claims

1. **Do any creditors have priority unsecured claims against you?**

   ■ No. Go to Part 2.

   ☐ Yes.

### Part 2:   List All of Your NONPRIORITY Unsecured Claims

3. **Do any creditors have nonpriority unsecured claims against you?**

   ☐ No. You have nothing to report in this part. Submit this form to the court with your other schedules.

   ■ Yes.

4. **List all of your nonpriority unsecured claims in the alphabetical order of the creditor who holds each claim.** If a creditor has more than one nonpriority unsecured claim, list the creditor separately for each claim. For each claim listed, identify what type of claim it is. Do not list claims already included in Part 1. If more than one creditor holds a particular claim, list the other creditors in Part 3.If you have more than three nonpriority unsecured claims fill out the Continuation Page of Part 2.

| | | | Total claim |
|---|---|---|---|
| 4.1 | **Frank E. Polo** | Last 4 digits of account number _____ | **$150,000.00** |
| | Nonpriority Creditor's Name | | |
| | **1475 SW 8th Street** | When was the debt incurred? _____ | |
| | **Apt. 411** | | |
| | **Miami, FL 33135** | | |
| | Number Street City State ZIp Code | **As of the date you file, the claim is:** Check all that apply | |
| | **Who incurred the debt?** Check one. | | |
| | ■ Debtor 1 only | ☐ Contingent | |
| | ☐ Debtor 2 only | ☐ Unliquidated | |
| | ☐ Debtor 1 and Debtor 2 only | ☐ Disputed | |
| | ☐ At least one of the debtors and another | **Type of NONPRIORITY unsecured claim:** | |
| | ☐ **Check if this claim is for a community debt** | ☐ Student loans | |
| | | ☐ Obligations arising out of a separation agreement or divorce that you did not report as priority claims | |
| | **Is the claim subject to offset?** | ☐ Debts to pension or profit-sharing plans, and other similar debts | |
| | ■ No | | |
| | ☐ Yes | ■ Other. Specify **2017-03553-CA-01** | |

### Part 3:   List Others to Be Notified About a Debt That You Already Listed

5. Use this page only if you have others to be notified about your bankruptcy, for a debt that you already listed in Parts 1 or 2. For example, if a collection agency is trying to collect from you for a debt you owe to someone else, list the original creditor in Parts 1 or 2, then list the collection agency here. Similarly, if you have more than one creditor for any of the debts that you listed in Parts 1 or 2, list the additional creditors here. If you do not have additional persons to be notified for any debts in Parts 1 or 2, do not fill out or submit this page.

### Part 4:   Add the Amounts for Each Type of Unsecured Claim

6. **Total the amounts of certain types of unsecured claims.** This information is for statistical reporting purposes only. 28 U.S.C. §159. Add the amounts for each type of unsecured claim.

| | Total Claim |
|---|---|
| | |

| Debtor 1 | **Lilly Josephine Real** | | Case number (if know) | **3:16-bk-03913** |

| | | | | **Total Claim** | |
|---|---|---|---|---|---|
| **Total claims from Part 1** | 6a. | **Domestic support obligations** | 6a. | $ | 0.00 |
| | 6b. | **Taxes and certain other debts you owe the government** | 6b. | $ | 0.00 |
| | 6c. | **Claims for death or personal injury while you were intoxicated** | 6c. | $ | 0.00 |
| | 6d. | **Other.** Add all other priority unsecured claims. Write that amount here. | 6d. | $ | 0.00 |
| | 6e. | **Total Priority.** Add lines 6a through 6d. | 6e. | $ | 0.00 |

| | | | | **Total Claim** | |
|---|---|---|---|---|---|
| **Total claims from Part 2** | 6f. | **Student loans** | 6f. | $ | 0.00 |
| | 6g. | **Obligations arising out of a separation agreement or divorce that you did not report as priority claims** | 6g. | $ | 0.00 |
| | 6h. | **Debts to pension or profit-sharing plans, and other similar debts** | 6h. | $ | 0.00 |
| | 6i. | **Other.** Add all other nonpriority unsecured claims. Write that amount here. | 6i. | $ | 150,000.00 |
| | 6j. | **Total Nonpriority.** Add lines 6f through 6i. | 6j. | $ | 150,000.00 |

| Fill in this information to identify your case: | |
|---|---|
| Debtor 1 | **Lilly Josephine Real** |
| | First Name      Middle Name      Last Name |
| Debtor 2 | |
| (Spouse if, filing) | First Name      Middle Name      Last Name |
| United States Bankruptcy Court for the: | MIDDLE DISTRICT OF FLORIDA |
| Case number | **3:16-bk-03913** |
| (if known) | |

■ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information    12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:   Summarize Your Assets

| | | **Your assets**<br>Value of what you own |
|---|---|---|
| 1. | **Schedule A/B: Property** (Official Form 106A/B) | |
| | 1a. Copy line 55, Total real estate, from Schedule A/B........................................... | $    **0.00** |
| | 1b. Copy line 62, Total personal property, from Schedule A/B..................................... | $    **23,554.45** |
| | 1c. Copy line 63, Total of all property on Schedule A/B........................................... | $    **23,554.45** |

### Part 2:   Summarize Your Liabilities

| | | **Your liabilities**<br>Amount you owe |
|---|---|---|
| 2. | *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) | |
| | 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $    **33,277.68** |
| 3. | *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) | |
| | 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*................................ | $    **150,000.00** |
| | 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*.......................... | $    **680,003.02** |
| | **Your total liabilities** | $    **863,280.70** |

### Part 3:   Summarize Your Income and Expenses

| | | |
|---|---|---|
| 4. | *Schedule I: Your Income* (Official Form 106I)<br>Copy your combined monthly income from line 12 of *Schedule I*................................ | $    **3,091.84** |
| 5. | *Schedule J: Your Expenses* (Official Form 106J)<br>Copy your monthly expenses from line 22c of *Schedule J*......................................... | $    **2,955.19** |

### Part 4:   Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ■ **Your debts are primarily consumer debts.** *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ☐ **Your debts are not primarily consumer debts.** You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

| Official Form 106Sum | Summary of Your Assets and Liabilities and Certain Statistical Information | page 1 of 2 |
|---|---|---|

Debtor 1 **Lilly Josephine Real**                    Case number *(if known)* **3:16-bk-03913**

8. **From the *Statement of Your Current Monthly Income*:** Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.                    $ _____ **1,258.44**

9. **Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F*:**

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ 0.00 |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ 150,000.00 |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ 0.00 |
| 9d. Student loans. (Copy line 6f.) | $ _____ 400,000.00 |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ 0.00 |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ 0.00 |
| | |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ 550,000.00 |

Software Copyright (c) 1996-2016 Best Case, LLC - www.bestcase.com                    Best Case Bankruptcy

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

Case No: **16-03913-JAF**

In re:

      **Lilly Real,**

        Debtor.

_____/

## DECLARATION CONCERNING DEBTOR'S SCHEDULES
DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

     I, Lilly Real, declare under penalty of perjury that I have read the foregoing Amended Schedule F and Amended Summary and Schedules consisting of 4 sheets, and that they are true and correct to the best of my knowledge, information and belief.

Dated: <u>4/3/2017</u>          */s/ Lilly Real*
                              Lilly Real

## CERTIFICATE OF SERVICE

     I HEREBY CERTIFY that a true and correct copy of the Amended Schedule F, Amended Summary of Schedules, along with the Notice of Commencement was furnished to their regular place of business: Alexander Smith, Trustee**,** 2601 University Blvd. West, Jacksonville, FL 32217 and Frank E. Polo, 1475 SW 8th Street, Apt. 411, Miami, FL 33135, via regular U.S. Mail or through the CM/ECF system, this <u>3rd</u> day of April,  2017.

                        /s/ Edward P. Jackson_____
                        EDWARD P. JACKSON
                        Attorney to Debtor
                        255 N. Liberty Street, First Floor
                        Jacksonville, FL 32202
                        (904) 358-1952 VOICE
                        (904) 358-1288 Fax
                        Fla Bar Number: 286648

FILED
MAY 26 2015
HARVEY RUVIN
CLERK

IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT
IN AND FOR MIAMI DADE COUNTY, FLORIDA
**(Family Division)**

MERLIN HERNANDEZ
Petitioner,

VS.                                    Case No. **2012-017787-FC-04**
(28)

FRANK E. POLO
Respondent Pro-Se



## RESPONDENT'S MOTION TO VACATE FINAL JUDGMENT

**Comes** now the respondent, Frank Polo, and hereby files their motion to vacate final judgment, pursuant to Rule 1.540(b) Fla. R. Civ. P., states:

1.  Florida Rule of Civil Procedure 1.540(b) provides in pertinent part: On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, decree, order, or proceeding for the following reasons:... (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) that the judgment or decree is void; This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, decree, order, or proceeding or to set aside a judgment or decree for fraud upon the court.

2.  During the trial on February 26th, 2014 the father testified that he respectfully disagreed with the testimony of the guardian ad litem, whom had stated that the father sent pictures of the children with no face and no dates with the intention of building a case against the mother. The father testified under oath that the pictures had date and even some had faces. The father added that this statement of the guardian ad litem was false and misleading due to the fact that his true concern was the wellbeing of his children and that in an effort to protect this, he trusted the guardian ad litem with his concerns.

3.  The testimony of the guardian ad litem was a confirmation of the report she had filed the day before the trial against FL Rule 61.403 (5) which establishes that "The report must be filed and served on all parties at least 20 days prior to the hearing at which it will be presented..." This undoubtedly created surprise at time of hearing, due to the false testimony of the guardian for which the respondent was not ready to obtain the needed evidence to disprove the testimony of the guardian; nevertheless, the father offered his testimony as a clear objection to the report filed by the guardian ad litem. The guardian blamed the late submission of report to a letter the Father sent to the guardian clearly frustrated by what the father had already perceived as a bias attitude of the guardian against the father. Such a letter was found by this court not to represent any expression of intention to harm the children, the mother or himself after having a hearing promoted by the guardian ad litem to get the father's timesharing suspended.

4.  In the report filed by the GAL, Mrs. Real stated she was worry about the email in which the father "...mentioned being killed inside and never seeing Children again after tomorrow in caps.." to justify her unreasonable suspension of a second visit to the father's house and the late delivery of the report on February 25th 2014. The letter never had none of these words in "caps"; consequently, this is just one more misrepresentation of the material facts presented to this court by the guardian ad litem in her report.

5.  The father issue a subpoena to Microsoft Online Services after realizing that the emails with the attachments sent to the guardian ad litem, which is the evidence needed to disprove the false statements made by the guardian ad litem, were residing in a server wholly owned and operated by Microsoft Corporation. Despite the lengthy time that Microsoft took to provide such evidence, the evidence is now available to present to this court. This evidence will show the court that in fact the pictures sent by the respondent to the guardian ad litem, not only had dates, but also some of them had faces of the children.

6.  The father sent email, after the trial and before the final judgment was issued (On May 8th 2014), expressing to the guardian ad litem how disappointed he was at her report and provided the guardian with copies of those emails with picture which the guardian said they didn't have dates nor faces of the children. Nevertheless, the guardian failed to adopt any reasonable remedial measures, including, if necessary, disclosure to the tribunal.

7.  As previously stated by the court, at the hearing held on October 20th, 2014, the court did not find any evidence that the father was building a case against the mother; nevertheless, the court based its ruling on the testimony (allegations) set forth by the guardian ad litem. Consequently, the respondent feels that the fact that the evidence in his possession shows proof that the pictures sent the guardian ad litem have pictures and some of them even have faces, is clear evidence of the misrepresentation of the actual facts by the guardian ad litem, which leads the father to request this motion to vacate judgment.

8.  It is the position of the respondent that if the court were to allow the petitioner to have the majority of time-sharing with the children based on the conflicting and misrepresented testimony of the guardian ad litem, the court would open the door to incredible harm to other children which their parents, in an attempt to protect themselves from the guardian ad litem, would not report their concerns to the guardian ad litem in other litigations; thereby affecting the protection of the best interest of the children.

9.  If the court were to allow the petitioner in this case to have majority of time-sharing with the children in light of serious misrepresentation and fraud upon the court, it would result in a major injustice to the Respondent. The Court cannot be in a position of enabling the guardian ad litem to commit material misrepresentation or felony crimes.

**WHEREFORE,** Respondent/Father, FRANK E. POLO, respectfully requests this court to grant Respondent's motion for vacating judgment and that this Court award him the following relief:

1.  Issue a new final judgment which will reflect:

A) New timesharing determination granting the respondent 50/50 timesharing with the children as requested by the father during mediation and in accordance with Fla. Sta. 61.13, disregarding the testimony and final report filed by the guardian ad litem, whom has been found to have concealed material facts. Doing this would be consistent with providing justice and ensuring equity between the parties.

B) Grant the father the right to provide Daycare for the children in the event he is unable to pay for costly daycare services, which was denied previously based also on the testimony of the guardian ad litem.

C) Issue order granting the father the right of first refusal which was agreed by both parents to comply with during co-parenting classes, but the mother refuses to comply with; therefore, it will have to be enforce by judicial order as many other previous issues resolved by this court due to the refusal of the mother to do what is in the best interest of the children.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing motion was sent via e-mail to Stephanie Granda, Esq, counsel for the Petitioner/Mother, at sg@grandalaw.com., on this Tuesday, May 26th, 2015.

To: Stephany Granda
Attorney for Petitioner
E-Mail: sg@grandalaw.com

By: _____
Frank Polo Sr.
1475 SW 8th St Apt 411
Miami, FL. 33135
Telephone: 786-608-9657