**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

FRANK E. POLO, SR.,

        Appellant,

v.                                        Case No. 3:18-cv-662-J-39

LILLY JOSEPHINE REAL,

        Appellee.

_____/

## O R D E R

    **THIS CAUSE** is before the Court on Appellant's Motion for Temporary Restraining Order (Doc. 23) and Appellant's Motion to Enjoin State Proceeding Pending Appeal (Doc. 24) (collectively; the Motions).[1] This case is an appeal taken from the bankruptcy court's order that taxed Appellant (Creditor) attorneys' fees for his persistence in pursuing a state court case against Appellee (Debtor) despite the bankruptcy court's order of discharge that included Appellant's claims against Appellee. (Docs. 1.2 and 1.3). Appellant states that he needs this Court to enjoin a state court case in which he is a plaintiff and Appellee is a defendant. Motion at ¶ 3. Appellant's prosecution of Appellee in state court led to the bankruptcy's order imposing attorneys' fees on Appellant in the first instance. (Doc. 1.3). The bankruptcy court made clear that Appellant was not to prosecute Appellee further in state court for any alleged debts that occurred before her discharge. Id. at 17 ("The alleged debt owed by [Appellee] to

---

[1] The Motions are nearly exact copies of each other, and the Court's reference to paragraphs align with both Motions.

[Appellant] is clearly dischargeable . . . ."). Appellant claims that he is now in the impossible position of complying with the bankruptcy's order of discharge and the state court's case management order requiring discovery action against Appellee tomorrow. Id. at 7. Appellant wants this Court to take the extraordinary step of enjoining the state court so that he has clarity as to whether he can proceed against Appellee. Id.

In moving for a temporary restraining order ("TRO"), Appellant must satisfy the requirements of the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Middle District of Florida ("Local Rule(s)") as they pertain to TROs. Relevant to this case, when a party seeks a TRO, Local Rule 4.05(b)(2) requires a showing that "not only that the moving party is threatened with irreparable injury, but that such injury is so imminent that notice and a hearing on the application for preliminary injunction is impractical if not impossible." Additionally, Local Rule 4.05(3) requires a proposed form of TRO, which includes a precise description of the conduct to be enjoined, as well as a basis from which the Court can make a reasonable calculation of security to be posted by the movant. The allegations pertinent to the TRO "must be supported by allegations of specific facts shown in the verified complaint or accompanying affidavits . . . ." Local Rule 4.05(b)(2). Finally, Appellant must show a "substantial likelihood of success" on the merits of his underlying case. Johnson & Johnson Vision Care, Inc. v. 1-800 Contacts, Inc., 299 F.3d 1242, 1246-47 (11th Cir. 2002).

Appellant fails to provide argument as to an appropriate bond amount. Appellant also fails to make a showing that Defendants should not be provided notice and an opportunity to respond before the Court makes its decision on the merits. To the extent

that the deadline for Appellant to begin his discovery in the state court against Appellee is tomorrow, Appellant could have filed his Motions weeks ago. (See Doc. 24.2; Case Management Order reflecting the discovery start date in the state court action was set over three weeks ago). Appellant cannot manufacture an emergency and benefit in its creation by precluding the opposing party from an opportunity to respond. See Bravado Int'l Grp. Merch. Servs., Inc. v. Smith, No. 8:12-CV-613-T-23EAJ, 2012 WL 1155858, at *1 (M.D. Fla. Mar. 27, 2012) (admonishing party for waiting seven days before the operative event to file a TRO when notice was provided of its occurrence further in advance).[2] Equally important, the Court has reviewed the record in this case in conjunction with Appellant's Motions and Appellant has not met his burden to show that he will likely succeed on the merits of his appeal, much less establish that the likelihood is substantial. Finally, Appellant does not include a proposed order with a specific description of the conduct he seeks to enjoin.[3]

---

[2] Specifically, another court in this district deftly explained that the attempt to get a TRO under those circumstances was a

> manufactured emergency violat[ive] [of] Local Rule 3.01(e), which prohibits the "unwarranted designation of a motion as an emergency motion," Local Rule 4.05(a), which provides that a TRO "will be entered only in emergency cases," and Rule 11, Federal Rules of Civil Procedure, which prohibits a motion "presented for any improper purpose." Third, this repeated, manipulative tactic unfairly disfavors other litigants who, despite expeditious prosecution of each case and scrupulous attention to each local and federal rule of procedure, must wait patiently while the court disposes of a feigned emergency.

Smith, 2012 WL 1155858, at *1.

[3] The Court's identification of certain deficiencies in the instant Motions should not be interpreted as a determination that all other requirements have been satisfied.

Accordingly, after due consideration, it is

**ORDERED:**

Appellant's Motion for Temporary Restraining Order (Doc. 23) and Appellant's

Motion to Enjoin State Proceeding Pending Appeal (Doc. 24) are **DENIED**.

**DONE** and **ORDERED** in Jacksonville, Florida this 1st day of February, 2019.

_____
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties