UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

FRANK E. POLO, SR.,

    Appellant,

v.                                                                                    Case No. 3:18-cv-662-J-39

LILLY JOSEPHINE REAL,

    Appellee.
_____/

# ORDER

**THIS CAUSE** is before the Court on appeal from the bankruptcy court's Order Denying Motion to Dismiss, Granting Motion for Sanctions, Awarding Attorney's Fees, and Enjoining Appellant from any Further Attempt to Collect Alleged Pre-Petition Debt from Appellee (Doc. 1.2). The parties have briefed the matter. (Docs. 19, 20, and 22). The Court also considers Appellee's Motion for Attorney's Fees. (Doc. 21).

    1.    *Background*

Appellee initiated her bankruptcy case on October 24, 2016. (Doc. 3.5 at 12). She obtained a discharge on February 15, 2017. Id. at 10. On September 22, 2017, Appellee filed a Motion for Sanctions for Violation of Discharge Injunction under 11 U.S.C. § 524(a) against Appellant. Id. at 9. In return, Appellant filed his Motion to Dismiss. Id. The bankruptcy court held a hearing on the Motions, id., and set them for a trial on January 8, 2018, id. at 8. Following the trial, the bankruptcy court denied Appellant's Motion to Dismiss and granted Appellee's Motion for Sanctions. (Doc. 1.2). The bankruptcy court also entered a separate document titled "Findings of Fact and

Conclusions of Law." (Doc. 1.3; Order). These findings of fact are unchallenged except for Appellant's objections noted within his initial brief.

At the time of Appellee's bankruptcy filing, she did not have reason to think of Appellant as a creditor. Id. at 4-5. Appellee told Appellant about her bankruptcy case on January 3, 2017. Id. at 5. On February 13, 2017, the final day for creditors to object to Appellee's discharge, Appellant filed a complaint in Florida state court naming Appellee as a defendant but did not file anything alerting the bankruptcy court to an objection of discharge. Id. at 5. On February 15, 2018, the bankruptcy court entered an order of discharge as to Appellee. Id. at 6. Appellant learned that Appellee was suing her on February 22, 2017, and on April 3, 2017, filed an amendment to her bankruptcy schedules to reflect Appellee as a creditor. Id. Appellee served Appellant with a copy of her amended schedules and filed a suggestion of bankruptcy in the state court case, which was also served on Appellant. Id. In response, on April 4, 2017, the state court stayed its case and ordered that the parties return the case to active status once appropriate. Id.

On July 5, 2017, Appellant filed a notice wherein he acknowledged Appellee's protected status as a debtor in a bankruptcy case, including that he needed to obtain relief from a stay on collections efforts. Id. at 6-7. Despite this notice, Appellant tried to file an amended complaint in the state court case. Id. at 7. On that same day, Appellee's attorney contacted Appellant and informed Appellant of Appellee's discharge and that his proposed amended complaint would violate that discharge, which could lead to sanctions because Appellant had knowledge of the discharge. Id. Appellee's attorney warned Appellant that he could be subject to sanctions if he persisted in prosecuting

Appellee in state court. Id. On August 31, 2017, Appellant filed a motion for declaratory relief in the state court action against Appellee as to whether his state court claims were barred by the bankruptcy court. Id. at 8. Appellee responded by filing her motion for sanctions in the bankruptcy case, which was met by Appellant's motion to dismiss.

The bankruptcy court first resolved Appellant's Motion to Dismiss. The bankruptcy court rejected Appellant's argument that he was never properly served and therefore not subject to the bankruptcy court's jurisdiction. The bankruptcy court also determined that it had subject matter jurisdiction to determine whether Appellant's actions in state court violated the bankruptcy discharge. Following that determination, the bankruptcy court held that any potential debt Appellee owed Appellant was discharged; Appellant had knowledge of that discharge; and Appellant proceeded against Appellee in the state court despite the discharge.

2. Discussion

The Court reviews the bankruptcy's decision to impose sanctions for an abuse of discretion. In re Mroz, 65 F.3d 1567, 1571 (11th Cir. 1995). The Court reviews the bankruptcy court's factual findings for clear error and legal conclusions de novo. Id. "Congress has empowered bankruptcy courts broadly to issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of the Bankruptcy Code, 11 U.S.C. § 105(a), including sanctions to enforce the discharge injunction." In re McLean, 794 F.3d 1313, 1319 (11th Cir. 2015) (internal quotations omitted). The Eleventh Circuit holds that the discharge injunction provision "is an expansive provision designed to prevent any action that has the effect of

pressuring a debtor to repay a discharged debt, even if the means of pressuring the debtor are indirect." In re McLean, 794 F.3d at 1320.

As to the issue of service, Appellant notes that Appellee visited Appellant in Appellee's capacity as a case worker involved with a dispute between Appellant and his wife over the timesharing of their two minor children. Appellant claims the visits occurred at 9619 Fontainebleau Boulevard, Miami, Florida, throughout the first part of 2014. Appellant argues that Appellee's visit to the 9619 Fontainebleau Boulevard address put her on knowledge that Appellant should be served and contacted there for all future legal proceedings, despite Appellant using 1475 SW 8th Street as his mailing address.

Service in bankruptcy proceedings is generally effected in the same manner as civil cases in district court. See Fed. R. Bankr. P. 3007(a)(2) and Fed. R. Bankr. P. 7004(a). "Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by" following state law for service of process or delivering service to the person's dwelling. Fed. R. Civ. P 4(e). Florida law allows for service "by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents." Fla. Stat. § 48.031. Appellant's position is that the 1475 SW 8th Street address was not his usual place of abode. As the bankruptcy court highlighted, Appellant has consistently listed 1475 SW 8th Street as his address, including in the state court proceeding and the bankruptcy case. He cannot now claim that he did not receive adequate notice and service by being contacted at that address. Jaffe & Asher

v. Van Brunt, 158 F.R.D. 278, 280 (S.D.N.Y. 1994) (rejecting argument that service was ineffective because it was not made at the defendant's abode because defendant held the address at which he was served as his address) (Sotomayor, J.). Further, the bankruptcy court had ample support for its finding that Appellant received notice of the bankruptcy case and its discharge of Appellee's debt because Appellee filed a notice of bankruptcy in Appellant's state court case, and Appellee notified Appellant of the bankruptcy case and the discharge via email. (Docs. 3.44 at 2, 3.42 at 2, and 3.31 at 2). In fact, Appellant acknowledged not only the existence of the bankruptcy case, but also that Appellee was protected from debt collection activities. (Doc. 3.33 at 2) ("[I]t is the honest understanding of [Appellant] that the stay protection extends to [Appellee] only.").

Appellant also argues that he was a foreseeable creditor and should have been named in Appellee's original schedule. He fails to offer any evidence on this point nor confront the fact that he had previously emailed Appellee that he has no intention "to proceed against [Appellee] criminally nor in civil court." (Doc. 3.29 at 2). Appellant makes several factual objections that are not supported my record to undercut a finding that Appellant was not a foreseeable creditor. For example, he objects to the bankruptcy court's finding that Appellee received notice that she was being sued on February 22, 2017. (Doc. 19 at 12). However, Appellant merely states that Appellee is not trustworthy and should not be believed while citing to an amalgamation of documents that do not support Appellant's claim. Id. (citing Creditors Ex. 24). This Court reviews the bankruptcy court's credibility determinations with deference, which "imposes an especially heavy burden on an appellant in a case in which the evidence is largely

testimonial, and the district court has the advantage of observing the witnesses and evaluating their credibility firsthand." Ford v. Gaither, 953 F.2d 1296, 1298 (11th Cir. 1992). The Court found nothing that suggests the bankruptcy court erred in its credibility determinations. Additionally, and as the bankruptcy court explained, there can be no claim that Appellant was harmed by being omitted from the original schedule because there were no assets and Appellant failed to take any action to protect his claim despite knowledge of the bankruptcy case prior to Appellee's discharge. Likewise, the Court has reviewed the underlying claims that Appellant asserted against Appellee and the Court does not find that the bankruptcy erred in rejecting a challenge to the discharge pursuant to 11 U.S.C. 524.[1]

The final issue for the Court's review is whether Appellant's actions that violated the discharge injunction were sanctionable. The bankruptcy court noted that Appellant could not avoid taking action in the bankruptcy case and "stand[ ] back, allowing the bankruptcy action to proceed without adjudication of his claim, and then assert[ ] that the debt owed him is [non]dischargeable." See In re Alton, 837 F.2d 457, 460 (11th Cir. 1988) (holding that the "mere knowledge of a pending bankruptcy proceeding is sufficient to bar the claim of a creditor who took no action, whether or not that creditor received official notice from the court of various pertinent dates"). Because Appellant knew of the bankruptcy case before the discharge and failed to contest the dischargeability of his claim against Appellee, Appellant is "forever barred" from contesting dischargability "even [though[ [Appellee] failed to list him as a creditor." In re

---

[1] It was clear that Appellant's actions as guardian ad litem for the two minor children never even approached a willful and malicious act. (Doc. 3.28 at 2).

Horne, No. CIV.A. 13-00258-CB-B, 2014 WL 1370151, at *6 (S.D. Ala. Apr. 8, 2014), aff'd in part, remanded in part, 630 F. App'x 908 (11th Cir. 2015).

The action on which the bankruptcy court based its sanction was Appellant's filing of a motion for declaratory relief in the state court action. In reviewing Appellant's filing, the bankruptcy court applied the then binding standard for sanctions as announced in In re Hardy, 97 F.3d 1384, 1390 (11th Cir. 1996). However, the United States Supreme Court recently explained that the standard used in In re Hardy is tantamount to strict liability and should replaced with the "no fair ground of doubt" standard. Taggart v. Lorenzen, 139 S. Ct. 1795, 1802 (2019) (holding that "a court may hold a creditor in civil contempt for violating a discharge order if there is no fair ground of doubt as to whether the order barred the creditor's conduct") (emphasis in original); see also In re Roth, No. 17-11444, 2019 WL 4047509, at *3 (11th Cir. Aug. 28, 2019) ("In place of the 'strict-liability standard,' the [Supreme] Court adopted the 'fair ground of doubt standard.'"). Because the bankruptcy court did not conduct an analysis under the no fair ground of doubt standard, this action must be remanded to the bankruptcy court for this limited purpose. In light of the remand of this case, Appellee is not entitled to recover attorney's fees in this appeal.

Accordingly, after due consideration, it is

**ORDERED:**

1. The bankruptcy court's Order Denying Motion to Dismiss, Granting Motion for Sanctions, Awarding Attorney's Fees, and Enjoining Appellant from any Further Attempt to Collect Alleged Pre-Petition Debt from Appellee (Doc. 1.2) is **AFFIRMED** in all respects, except the determination that Appellant's

actions in the state court case justified the imposition of sanctions and the resulting judgment for attorney's fees. The portion of the order imposing sanctions is **VACATED and REMANDED** for further proceeding consistent with this opinion.

2. Appellee's Motion for Attorney's Fees. (Doc. 21) is **DENIED**.

3. The Clerk of the Court is **DIRECTED** to terminate any pending motions, and to close this case. The Clerk of the Court is **FURTHER DIRECTED** to transmit a certified copy of this Order to the Clerk of the Bankruptcy Court

**DONE** and **ORDERED** in Jacksonville, Florida this 9th day of September, 2019.

*(signature)*
BRIAN J. DAVIS
United States District Judge

2
Copies furnished to:

Counsel of Record
Unrepresented Parties